UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DIANA BOREN and ALMA ARCHIE, | ) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14-CV-00437-JAR |
| SMITH MOTOR FREIGHT, INC., and KENNETH FINGERHUT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Smith Motor Freight, Inc. and Kenneth Fingerhut's Motion to Exclude Testimony of Plaintiff Diana Boren's Expert, David Stopper (Doc. 24). The Motion is fully briefed and ready for disposition. Defendants request oral argument on their Motion, however the Court finds that the matter is thoroughly briefed and that oral argument is unnecessary. For the following reasons, Defendants' Motion will be **GRANTED in part** and **DENIED in part.**

### I. Background

This action arises from a motor vehicle accident on October 31, 2013, involving a Toyota Corolla operated by Plaintiff Diana Boren ("Boren"), with Plaintiff Alma Archie[1] ("Archie") riding in the front passenger seat, and a tractor-trailer driven by Defendant Ken Fingerhut ("Fingerhut") while in the scope of his employment with Defendant Smith Motor Freight ("Smith Motor"). On March 10, 2014, Plaintiffs filed a three-count complaint alleging

---

[1] The parties represent to the Court that Ms. Archie has settled her claims against the Defendants. The Court notes, however, that the record does not reflect this agreement and Ms. Archie is still a party to the litigation.

1

negligence per se (Count II) and various claims of negligence (Counts I & III) against Fingerhut and Smith Motor.

Boren offers David Stopper, an accident reconstruction expert, to opine on whether Fingerhut crossed the centerlines and that the area of impact was in the Plaintiffs' westbound lane. Defendants do not dispute Mr. Stopper's qualifications but, instead, seek to exclude several of his expert opinions as based on insufficient facts and invalid methodologies that render them irrelevant and unreliable speculation (Doc. 24 at 1; Doc. 25 at 3). Specifically, Defendants request the exclusion of the following four opinions:

> A. The fluid spatter Trooper Palmer, the investigating state trooper, observed could not have leaked from the Toyota during the impact.
>
> B. Certain gouge marks might be related to the collision.
>
> C. "Trailer swing" caused the rear of the Defendants' trailer to slide into the Plaintiffs' westbound lane.
>
> D. The vehicles could only have collided at Mr. Stopper's determined impact angle if the Defendants' trailer was in the Plaintiffs' westbound lane.

## II. Analysis

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*See Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Id.* (citation and internal quotation marks omitted). In *Daubert*, the Supreme Court explained that in examining an expert's opinions for admissibility, trial courts should consider the following criteria: (1) whether

2

the theory being offered by the expert has been tested; (2) whether the theory has been subjected to peer review, publication, or analysis by others considered experts in the field; (3) whether the theory has a "known or potential rate of error"; and (4) whether the theory has been generally accepted by others in the field. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993). "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert*, 509 U.S. at 592). " 'The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury.' " *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 448 (8th Cir. 2008) (quoting *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997)).

## A. Fluid Spatter

First, Defendants seek to exclude Mr. Stopper's opinion that the fluid spatter Trooper Palmer, the investigating state trooper, observed could not have leaked from the Toyota during the impact. In his deposition, Trooper Palmer concludes that the initial impact between the two vehicles occurred at the center of the roadway. Trooper Palmer indicates that he came to this determination because of a pattern of debris as well as liquids from the Toyota (Doc. 27-2 at 2-3). Mr. Stopper refutes this conclusion. Defendants argue that Mr. Stopper's opinion, however, should be excluded because it is based on a fundamentally flawed analysis. Specifically, Defendants argue that Mr. Stopper's opinion is unreasonable on its face and is not supported by sufficient facts because his calculations failed to consider the undisputed fact that the Toyota's deceleration was not constant and he relied on several assumptions (Doc. 25 at 6-7).

3

Boren responds that Mr. Stopper used "a widely accepted reconstruction formula"[2] to make these calculations. In so-doing he calculated the average deceleration rate and sliding time necessary in order to reach the 354 feet from the antifreeze to the final resting place. While Mr. Stopper did make an assumption regarding the post-impact speed, he used the assumed speeds of 40 mph and 50 mph, assumptions that are both higher than the likely post-impact speed of the Toyota and therefore more favorable to the Defendants (Doc. 33 at 5-7).

Defendants' arguments tend to go to the weight of the testimony not the admissibility of the testimony. While the Court is charged as a "gatekeeper" to exclude unhelpful and unreliable expert testimony, " '[i]t is decidedly the jury's role to evaluate the weight to be given to the testimony of dueling qualified experts.' " *ABT Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 AGF, 2013 WL 490174, at *1 (E.D. Mo. Feb. 8, 2013)(quoting *Uniloc ESA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011)). The Court does not believe that Mr. Stopper's opinion is so fundamentally unsupported that it can offer no assistance to the jury. *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). Further, Defendants have conceded that Mr. Stopper is qualified to give opinions regarding accident reconstruction.

Therefore, Defendants' Motion as to Mr. Stopper's opinion regarding the fluid spatter will be denied.

**B. Gouge Marks**

Defendants next request that the Court exclude Mr. Stopper's testimony regarding certain gouge marks in the roadway. Specifically, Defendants assert that while Mr. Stopper claims the gouges are "more likely" related to the accident than other gouges he saw, Mr. Stopper concedes that he cannot be sure that they are related to the accident (Doc. 25 at 9). Boren responds that Mr. Stopper is not opining that the observed gouge marks are from this crash. Instead, Boren argues,

---

[2] Specifically, Boren indicates that Mr. Stopper utilized a reconstruction formula from the Traffic Crash

4

Mr. Stopper will testify that the gouge marks are from an automobile crash, that they are in the vicinity of where the collision occurred based on his calculations, and that they may have been made by the Toyota because the damage to the car indicates it would have been capable of making the gouge marks (Doc. 33 at 8).

The Court finds that Mr. Stopper's opinion regarding the gouge marks is too speculative as the gouge marks are not sufficiently connected to this accident. Although Boren urges the Court to consider Mr. Stopper's calculations and his review of the damage to the Toyota, Mr. Stopper admits that he does not know whether the Toyota caused any of the gouges. Thus his ultimate conclusion is too speculative especially in light of the report that the area is "a commonplace [sic] for a crash" (Doc. 27-4 at 2). *See Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1084 (8th Cir. 1999) (finding the district court did not abuse its broad discretion in concluding that the proffered testimony flunked the reliability prong of *Daubert* because "he has provided no basis for us to believe that his opinions are anything more than unabashed speculation."); *see also Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001) ("In sum, the district court's gatekeeping role separates expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge.")

Therefore, Defendants' Motion as to Mr. Stopper's opinion regarding the gouge marks will be granted. If Plaintiff has some further support for this testimony, an offer of proof can be made at trial.

## C. "Trailer Swing"

Defendants also assert that the Court should exclude Mr. Stopper's opinion that the Defendants' trailer experienced "trailer swing." Defendants argue that Mr. Stopper's theory is not based on any accident reconstruction methodology and therefore is nothing more than pure

---

Reconstruction Manual. TRAFFIC RECONSTRUCTION (Lynn B. Fricke ed., 2nd ed. 2010).

speculation. Specifically, Defendants assert that Mr. Stopper does not have enough facts to scientifically support his theory (Doc. 25 at 10). Boren responds that Mr. Stopper's opinion regarding "trailer swing" is admissible because it is a reoccurring phenomenon well known and accepted in the field of accident reconstruction. Further, Boren argues that Mr. Stopper's opinion is based on the following eight factors: "(1) the velocity of the tractor-trailer; (2) the wind conditions on the day of the accident; (3) the wet road condition of the highway; (4) the driver's approach to the curve; (5) the deceleration of the tractor-trailer; (6) the super-elevation of the curve and resulting g forces exerted on the vehicle; (7) the trailer's light load and (8) the angle of impact" (Doc. 33 at 10).

The Court does not believe that Mr. Stopper's opinion is so fundamentally unsupported that it can offer no assistance to the jury. *See Loudermill,* 863 F.2d at 570. Mr. Stopper's opinion is based on multiple factors that existed at the time of the accident. He has therefore sufficiently connected his proposed testimony with the facts of the case. *Lauzon,* 270 F.3d at 686-87. Further, Defendants will have the opportunity to challenge Mr. Stopper's assumptions and methodology through cross-examination and contrary evidence. Such opportunity for "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.

Therefore, Defendants' Motion as to Mr. Stopper's opinion regarding "trailer swing" will be denied.

## D. Lane of Impact

Finally, Defendants assert that the Court should exclude Mr. Stopper's opinion that the collision could not have occurred in the Defendants' lane based on Mr. Stopper's conclusion about the vehicles' impact angle. Defendants argue that this opinion is based on unsupported

speculation without excluding another recognized alternative (Doc. 25 at 16). Specifically, Defendants argue that Mr. Stopper failed to consider the alternative explanation that Boren's Toyota veered leftward towards the trailer rather than traveling in a rigid straight line before impact (Doc. 37 at 8). Boren responds that Mr. Stopper's determination of the lane of impact is based on the damage profile of the two vehicles and the physical impossibility of other alternative explanations (Doc. 33 at 13).

Upon review, Defendants' objections to this testimony go more to the weight of the testimony than to the admissibility of the expert's testimony. The sufficiency of the opinion and the weight to be accorded it are matters for the jury to decide. *ABT Sys., LLC v*, 2013 WL 490174, at *1. Also, Defendants will have the opportunity to cross examine Mr. Stopper regarding, to the extent the Court finds it relevant, alternative theories. *Daubert*, 509 U.S. at 596.

Therefore, Defendants' Motion as to Mr. Stopper's opinion regarding the lane of impact will be denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Smith Motor Freight, Inc. and Kenneth Fingerhut's Motion to Exclude Testimony of Plaintiff Diana Boren's Expert, David Stopper (Doc. 24) is **GRANTED in part** and **DENIED in part**

Dated this 27th day of July, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE